```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KANSAS ELLIS,**

                      Petitioner,

         v.                               CASE NO. 06-3017-SAC

**ATTORNEY GENERAL OF KANSAS,**

                      Respondent.

<u>**O R D E R**</u>

    This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner confined in a detention facility in Leavenworth, Kansas. Petitioner states he was convicted in Leavenworth District Court in 2000, and now seeks relief on allegations of ineffective assistance of counsel in that state criminal proceeding.

    Petitioner has not paid the $5.00 filing fee required under 28 U.S.C. § 1914(a), nor has he sought and obtained leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The court grants petitioner additional time to satisfy one of these statutory requirements for proceeding in federal court. The failure to do so will result in this matter being dismissed without prejudice and without prior notice to petitioner.

    Additionally, having reviewed the petition, the court finds it is subject to being summarily dismissed for the following reasons.

    First, there is nothing in the petition to indicate

petitioner ever presented his allegations of constitutional error to the state courts for review. *See* 28 U.S.C. § 2254(b)(1)(application for a writ of habeas corpus by person in custody pursuant to state court judgment is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances). To the extent an attempt to exhaust state court remedies at this time is barred, federal habeas review of petitioner's claims is barred by his procedural default in presenting his claims to the state courts. *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 749-50 and 732 (1991)(federal court is barred from reviewing habeas issues defaulted in state courts on independent and adequate state procedural grounds is barred, and recognizing "anticipatory" procedural default where exhaustion of state court remedies is no longer available). A procedural default bar can be excused only if petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice." <u>Id</u>.

Second, 28 U.S.C. § 2244(d)(1) as amended in 1996 imposes a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. The running of that limitation period is subject to tolling if petitioner pursued state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state
2

post-conviction proceeding and appeal therefrom is pending). Equitable tolling of the limitation period is also available, but only in rare and exceptional circumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). *See also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001). Because petitioner submitted the instant application more than a year after his Kansas conviction, the court finds it is subject to being dismissed as time barred absent supplementation of the petition to demonstrate statutory or equitable tolling of the limitation period.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to submit either the $5.00 district court filing fee, or an executed form motion for seeking leave to proceed in forma pauperis in this matter.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to supplement the petition to avoid dismissal of this action for the reasons stated by the court.

The clerk's office is to provide petitioner a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 25th day of January 2006 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW

U.S. Senior District Judge